FILED
2009 Aug-04 AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. ARGO, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Case No. CV-08-S-1662-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Patricia D. Argo, commenced this action on September 9, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly apply the Eleventh Circuit's standard for evaluating subjective complaints of pain, and that the ALJ improperly considered the opinion of Dr. Robert C. Woskobnick, the examining physician. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant suffered from a severe combination of impairments, including

fibromyalgia syndrome with mild to moderate pain, hypertension, diabetes mellitus, a history of congestive heart failure, and mild to moderate depression.[1]  He further acknowledged that those impairments could reasonably be expected to produce the disabling symptoms claimant alleged.[2]  Even so, the ALJ concluded that claimant's statements regarding the intensity, persistence and limiting effects of her impairments were not fully credible, because they were not supported by the medical evidence of record.[3]  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

Specifically, the ALJ noted that claimant's pain appeared to be well-controlled with medication, that clinical and laboratory findings did not provide evidence of more than mild to moderate pain, and that plaintiff's treating physicians considered her pain responses to be exaggerated.[4]  Thus, the ALJ concluded that claimant suffered only mild to moderate pain, and that she was able to perform a modified range of sedentary work.[5]  These conclusions were supported by substantial evidence.

---

[1]Tr. at 16.

[2]Tr. at 18.

[3]*Id.*

[4]Tr. at 218.

[5]Tr. at 19.

For example, on October 22, 2004, an x-ray of claimant's cervical spine was unremarkable, and a November 1, 2004 MRI revealed only a small disc protrusion.[6] On February 20, 2007, x-rays of claimant's knees, hips, and ankles revealed only mild degenerative changes.[7] Sometime during 2005, claimant's physician, Dr. Mike Chen, released her to return to work.[8]

Further, the court finds that the ALJ properly considered the assessment of Dr. Woskobnick, a consultative physician who examined claimant on October 27, 2004. Social Security regulations state that, in considering what weight to give any medical opinion, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

During Dr. Woskobnick's examination, claimant exhibited decreased range of

---

[6] Tr. at 222-23.

[7] Tr. at 332.

[8] Tr. at 158. The photocopy of this page from Dr. Chen's records cut off the month in which the form was filled out.

motion of the cervical spine, dorsolumbar spine, and knees, with crepitus in both knees. She was unable to perform hip range of motion studies because of her shortness of breath, and she was unable to do deep knee bends because of knee pain. She could not do toe, heel, and tandem walks because of her leg pain and unsteadiness on her feet. Her reflexes were diminished, and she was unable to do straight leg raising.[9] Dr. Woskobnick diagnosed claimant with back pain, bilateral knee pain, neck pain, history of COPD and asthma, Type II diabetes mellitus, hypertension, congestive heart failure by history, gastroesophageal reflux disease, depression, fibromyalgia, restless leg syndrome, and history of sleep apnea and narcolepsy.[10] Dr. Woskobnick concluded, based on his examination, that claimant needed a walker to ambulate, and she would be able to stand and walk for only ten minutes each hour, and only up to a total of two hours a day. She could lift no more than five pounds, and could sit for up to eight hours a day as long as she could get up to stretch for ten minutes every two hours. Her abilities to climb, balance, stoop, crouch, kneel and crawl were entirely restricted. Her abilities to reach, handle, and push would not be impaired in the seated position, but would be impaired in the standing and walking positions because of her need to use a walker. Her abilities to feel, hear, see, and speak were not impaired at all, but her ability to tolerate heat, cold,

---

[9]Tr. at 252.

[10]Tr. at 253.

fumes, dust, smoke, and humidity would be limited because of her history of asthma and COPD.  Furthermore, claimant would be unable to drive, operate, or be around heavy machinery or equipment because of her history of narcolepsy and sleep apnea.[11]

The ALJ assigned no weight to Dr. Woskobnick's assessments because they were internally inconsistent and unsupported by the other medical evidence of record. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").  Specifically, the ALJ noted that no physician had ever prescribed claimant a walker or other assistive device for ambulation, or found claimant to be severely limited by any impairment.  Indeed, Dr. Kumar, claimant's treating pain physician, did not impose pain intervention for her fibromyalgia symptoms.  Finally, the ALJ noted that Dr. Woskobnick did not have the benefit of reviewing claimant's medical evidence, which strongly suggested that the doctor based his findings on claimant's subjective complaints, and that he was somewhat sympathetic with claimant.[12]  The record supports all of these conclusions.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.

---

[11]*Id.*

[12]Tr. at 20.

Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed

against claimant.  The Clerk is directed to close this file.

    DONE this 4th day of August, 2009.

                                        _____
                                        United States District Judge